# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| NADEEM N. BAIG, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-CV-180 |
| | ) | |
| MID-STATES MOTORS, INC., et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## **OPINION AND ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 18.)  Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective order submitted by the parties falls short of providing a basis for finding good cause.

In the proposed order, "Protected Material" is defined as "any financial information of Mid-States Motors, Inc. . . ., any tax returns or financial documents, forecasts or plans, or tax information or other personal information that is not available to the public." (Proposed Stipulated Protective Order ¶ 3.A.)  The incorporation of the phrase "not available to the public" in this definition, however, makes it overly broad.

To elaborate,

> '[n]on-public' is too vague.  If it means only that the information is not available to the general public, then it is insufficient because the information must be kept

1

> secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001). For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury— business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* Here, just because Defendant does not generally release certain information to the public, does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others.

Indeed, the Seventh Circuit Court of Appeals has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*. "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far falls short. For these reasons, the Court hereby DENIES approval of the proposed stipulated

2

protective order submitted by the parties (Docket # 18).

SO ORDERED.

Enter for this 22nd day of April, 2010.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge