# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| NADEEM N. BAIG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MID-STATES MOTORS, INC., et al., )<br>)<br>Defendants. ) | CAUSE NO. 1:09-CV-180 |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of an amended proposed protective order. (Docket # 26.) Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). The amended protective order submitted by the parties, however, still contains a defect that warrants its denial.[1]

In paragraph 25 of the proposed order states that it "shall continue to be binding after the conclusion of the litigation . . . ." However, "[t]he Court is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case." *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also DEI Inc. v.*

---

[1] This defect was also in the original proposed protective order, but the Court inadvertently omitted highlighting it in its Opinion and Order dated April 22, 2010, denying the proposed order. (*See* Docket # 18, 19.)

1

*First Bank of Berne*, No. 1:10-CV-102, 2010 WL 3272831, at *1 (N.D. Ind. Aug. 18, 2010); *Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

As explained previously, the Seventh Circuit Court of Appeals has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*. "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far falls short. For these reasons, the Court hereby DENIES approval of the amended proposed stipulated protective order submitted by the parties (Docket # 26).

SO ORDERED.

Enter for this 23rd day of August, 2010.

                                          S/ Roger B. Cosbey
                                          Roger B. Cosbey,
                                          United States Magistrate Judge